UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE L. CAMMONS,

        Petitioner,

                                          Case No. 15-cv-11251

v.

                                          Honorable Marianne O. Battani

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING THE PARTIES'
JOINT MOTION FOR RELIEF FROM JUDGMENT,
VACATING THE OPINION AND JUDGMENT DATED AUGUST 31, 2016,
DIRECTING THE CLERK OF COURT TO RE-OPEN THIS CASE, AND
DIRECTING THE STATE TO FILE A NEW RESPONSE TO THE PETITION**

**I. Background**

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner Andre L. Cammons commenced this action by filing a pro se habeas corpus petition in which he challenged his 1988 state convictions for one count of conspiracy to commit murder, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 750.316, two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, one count of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and one count of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner was sentenced to life imprisonment for the conspiracy, sixty to one hundred years in prison for the assaults with intent to commit murder, four to ten years in prison for the assault with intent to do great bodily harm less than murder, and two years in prison for the felony-firearm conviction. Petitioner's convictions and sentences

were affirmed on appeal, and the state courts denied relief during subsequent post-conviction proceedings.

Petitioner argued in his habeas corpus petition, which he filed in 2015, that he was entitled to relief because: (1) he had newly discovered evidence of actual innocence from an eyewitness to the crimes; (2) he had additional newly discovered evidence that the trial court dismissed his co-defendant's conspiracy charge before the defendants' joint trial; (3) he was denied his right to effective assistance of counsel because trial counsel failed to provide an adequate defense and failed to investigate and discover that the co-defendant's conspiracy charge was quashed before their joint trial; (4) he was denied effective assistance of counsel when trial counsel conceded Petitioner's guilt without Petitioner's consent; (5) the trial court's jury instructions amounted to a constructive amendment of the charging document; (6) the prosecutor deliberately elicited prejudicial "bad acts" testimony; and (7) appellate counsel was ineffective for failing to raise the foregoing claims on direct appeal. (ECF No. 1, pp. 5a, 7a, 8a, 10a, 11b-11d).

The State filed portions of the state-court record (ECF No. 9) and moved for summary judgment and dismissal of the habeas petition on the basis that Petitioner had failed to comply with the one-year statute of limitations for habeas petitions (ECF No. 8). Petitioner urged the Court to excuse the untimeliness of his pleading because he had newly discovered evidence and was actually innocent of the crimes for which he was convicted. Although the State did not file the transcript of Petitioner' trial with its dispositive motion, the Court rejected Petitioner's claim of actual innocence, granted the

State's motion for summary judgment, and dismissed the habeas petition. (ECF No. 11).

Petitioner appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit, which appointed counsel for Petitioner. The parties eventually acquired the transcript of Petitioner's trial and then asked the Sixth Circuit to vacate this Court's judgment and to remand the case to this Court for review of the full state-court record.

The Sixth Circuit denied the parties' request without prejudice, but noted that the parties could file a Rule 60(b) motion for relief from judgment in the district court. The Sixth Circuit stated that, if the district court subsequently indicated that it was inclined to grant relief, the Sixth Circuit would enter an order remanding jurisdiction to the district court, and if the district court was not inclined to grant relief, the parties could re-file their motion to vacate and remand. (ECF No. 20.)

On September 17, 2018, the parties filed a joint motion for relief from judgment in this Court (ECF No. 21) and the transcript of Petitioner's trial (ECF No. 22). On October 3, 2018, this Court certified that it was inclined to grant the parties' motion. (ECF No. 23). The Sixth Circuit subsequently remanded Petitioner's case to this Court for further proceedings. (ECF Nos. 24 and 25).

## II. Analysis

### A. The Timing of the Motion

The parties move for relief from judgment under Federal Rule of Civil Procedure 60(b), which authorizes federal courts to grant relief for several specified reasons and

3

for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). An initial question is whether the motion is timely. A motion under Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In the present case, the parties allege that they began searching for the state-court transcripts immediately after the Sixth Circuit appointed counsel for Petitioner. They further allege that they filed their present motion promptly after they obtained all the relevant transcripts and as soon as practicable after the Sixth Circuit indicated that they could file a Rule 60(b) motion in this Court. The Court concludes that the motion was filed within a reasonable time and that it is timely.

### B. The Merits

As noted above, the Court did not have the transcript of trial before it when it ruled on the State's motion for summary judgment even though Petitioner maintained that the Court should excuse his late petition because he was actually innocent. Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). When evaluating a prisoner's gateway claim of actual innocence, the Supreme Court's decision in Schlup v. Delo, 513 U .S. 298 (1995), "makes plain that the habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House v. Bell, 547 U.S. 518, 538 (2006) (quotation marks omitted); see also Bousley v. United States, 523 U.S. 614, 623 (1998) ("To establish

actual innocence, petitioner must demonstrate that, in light of <u>all</u> the evidence, it is more likely than not that no reasonable juror would have convicted him.") (quotation marks and end citations omitted) (emphasis added).

The Sixth Circuit, moreover, has stated that "a District Court must make a review of the entire state court trial transcript in habeas cases, and where substantial portions of that transcript were omitted before the District Court, a habeas case should be remanded to the District Court for consideration in light of the full record." <u>Adams v. Holland</u>, 330 F.3d 398, 406 (6th Cir. 2003). The parties maintain that the Court violated the <u>Adams</u> rule and that the Court could not fairly adjudicate the timeliness of the habeas petition without the transcript of trial because Petitioner's claim of actual innocence required a review of all the evidence presented at trial.

The Court agrees with the parties that it would be inequitable to leave the Court's judgment in place even though the Court did not review the now-available transcript of trial and any other records needed to fairly adjudicate Petitioner's claim of actual innocence. Accordingly, relief under Federal Rule of Civil Procedure 60(b)(6) is warranted. The Court grants the parties' motion for relief from judgment (ECF No. 21) and vacates the Court's dispositive opinion and judgment dated August 31, 2016 (ECF Nos. 11 and 12).

The Court orders the Clerk of Court to re-open this case. The Court orders the State to file a new response to the habeas petition so that the Court can reconsider Petitioner's claim of actual innocence in light of the transcript of trial and other pertinent state-court records. The State shall have two months from the date of this order to file

its new response to the habeas petition. Petitioner shall have thirty days from the date of the State's new response to file a reply.


Date:   January 24, 2019              s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 24, 2019.

                                      s/ Kay Doaks
                                      Case Manager